7
ESTELA O. PINO, SBN 112975
(epino@epinolaw.com)
RAMANDEEP K. MAHAL, SBN 309301
(rmahal@epinolaw.com)
**PINO & ASSOCIATES**
1520 Eureka Rd., Suite 101
Roseville, CA 95661
Telephone: (916) 641-2288

Attorneys for Dinwiddie-Hines Construction, Inc. dba DH Construction.

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>FRANK JAMES BELL,<br><br><br><br><br><br><br><br>Debtor. | Case No. 2024-20964-A-13<br><br>Chapter 13<br><br>DCN: SD-1<br><br>**DH CONSTRUCTION'S OPPOSITION TO ATHENE ANNUITY AND LIFE COMPANY'S AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date: January 21, 2025<br>Time: 10:30 A.M.<br>Dept.: A<br>Courtroom: 28<br>Location: Robert T. Matsui<br>United States Courthouse,<br>501 I Street, 7th Floor<br>Sacramento, CA 95814<br><br>Judge: Fredrick E. Clement |

Dinwiddie-Hines Construction, Inc. dba DH Construction ("DH Construction"), a creditor and party in interest in the above-referenced bankruptcy case, by and through its attorneys of record, hereby respectfully submits the within opposition to Amended Motion for Relief from Automatic Stay (the "Amended Motion") (ECF 126) filed by Athene Annuity and Life Company ("Athene").

**INTRODUCTION**

**BANKRUPTCY CASE:**

1. On March 12, 2024, Frank James Bell (the "Debtor") filed a Voluntary Petition for Individual Filing for Bankruptcy (ECF 1) for relief under Chapter 13 of the United States Code,

Page 1 of 7

commencing case number 2024-20964-A-13, styled *In re Frank James Bell* (the "Bankruptcy Case") in the United States Bankruptcy Court, in and for the Eastern District of California (the "Court").

2. On October 10, 2024, the Court issued an Order (ECF 110) converting the Bankruptcy Case to a case under Chapter 7 of Title 11 of the United States Court.

3. The Bankruptcy Case is currently pending before the Court.

4. Within Schedule A/B (ECF 12), the Debtor listed an ownership interest in a real property located in Sacramento County, California, and commonly known as 2 Keely Court, Sacramento, CA 95838, bearing Assessor's Parcel Number 237-0441-032-0000 (the "Property"). The Debtor valued the Property at $425,000. *See Schedule A/B (ECF 12)*.

**DH CONSTRUCTION:**

5. DH Construction is a creditor in the Bankruptcy Case, whose claim is based on a Claim of Mechanics Lien recorded against the Property in the County of Sacramento as document number 202310130529 in the principal amount, after deducting all credits and exclusive of interest and other charges, of $40,047.72 (the "Mechanics Lien").

6. On May 2, 2024, DH Construction, by and through its counsel, filed a Notice of Perfection of Lien of Dinwiddie-Hines Construction, Inc. dba DH Construction (ECF 28) notifying the Court, the Debtor, creditors, and all parties in interest in the Bankruptcy Case of its Mechanics Lien.

7. On May 2, 2024, DH Construction, originally an omitted creditor, filed a Notice of Appearance and Request for Notice (the "Request for Special Notice") requesting special notice of all motions and pleadings filed in the Bankruptcy Case. *See Request for Special Notice (ECF 26)*. The Request for Special Notice specifically notes that, "[n]othing contained herein nor the representation of DH Construction by the undersigned in this bankruptcy case shall be construed as an express or implied designation of the undersigned as the agent to receive service of process for DH Construction in any adversary proceeding and/or contested matter, and in fact, no such designation has been made." *Request for Special Notice (ECF 26)*, Pg,

8. More recently, in accordance with LBR 2018-1, DH Construction, by and through its counsel, signed up to receive electronic notifications, through the Court's electronic filing system. However, LBR 2018-1, specifically provides that, "[n]otice under this rule shall **not** be deemed service

under Fed. R. Bankr. P. 7004." Emphasis added.

**<u>MOTIONS FOR RELIEF FROM AUTOMATIC STAY:</u>**

9. On December 16, 2024, Athene filed a Motion for Relief from Automatic Stay (the "Motion") (ECF 120).

10. The Motion was supported by the following documents:
    i. Notice of Hearing for Relief from Automatic Stay (ECF 121); and
    ii. Relief from Stay Summary Sheet (ECF 122); and
    iii. Declaration in support of Motion for Relief from Automatic Stay (ECF 123); and
    iv. Exhibits in support of Motion for Relief from Automatic Stay (ECF 124).

These documents shall hereinafter collectively be referred to as the "Supporting Documents."

11. The Motion and the Supporting Documents were not served on DH Construction. *See Certificate of Service (ECF 125)*. In addition, as all parties served are listed on one singular attachment to the Certificate of Service (ECF 125) and there is no mailing address listed for the Office of United States Trustee ("UST"), it does not appear that the Motion and the Supporting Documents were served on the Office of United States Trustee ("UST") by First Class Mail. *See Certificate of Service (ECF 125)*.

12. On December 17, 2024, Athene filed the Amended Motion, which was supported by:
    i. Amended Notice of Hearing for Relief from Automatic Stay (ECF 127); and
    ii. Amended Relief from Stay Summary Sheet (ECF 128); and
    iii. Declaration in support of Motion for Relief from Automatic Stay (the "Declaration") (ECF 129); and
    iv. Amended Exhibits in support of Motion for Relief from Automatic Stay (ECF 130).

These documents shall hereinafter collectively be referred to as the "Amended Supporting Documents."

13. The Amended Motion relates to the Property and pursuant to the Motion, Athene seeks an order from this Court "[t]erminating the Automatic Stay of 11 U.S.C. §362 as to Movant so that Movant and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the subject property." *Amended Motion (ECF 126)*, Pg. 1, ln. 25-26, - Pg. 2, ln. 1-2.

Accordingly, the Amended Motion impacts DH Construction's rights as the holder of the Mechanics Lien on the Property.

14. The Amended Motion and the Amended Supporting Documents were not served on DH Construction by First Class Mail. All parties served with the Amended Motion and the Amended Supporting Documents are listed on one singular attachment to the Certificate of Service (ECF 131) and there is no mailing address listed for the UST. *See Certificate of Service (ECF 131)*. As such, it does not appear that the UST was served with the Amended Motion and the Amended Supporting Documents by First Class Mail.

## LEGAL ARGUMENT

### SERVICE IS DEFECTIVE:

The Certificate of Service (ECF 131) filed with the Court reflects that the service was defective. Pursuant to Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure, entitled **Relief from Automatic Stay; Prohibiting or Conditioning the Use, Sale, or Lease of Property; Use of Cash Collateral; Obtaining Credit; Agreements** (emphasis found in original),

> . . .
> (1) Motion. A motion for relief from an automatic stay provided by the Code or a motion to prohibit or condition the use, sale, or lease of property pursuant to §363(e) shall be made in accordance with Rule 9014 . . . .

Emphasis found in original.

Service of a motion for relief from an automatic stay has to be in accordance with Rule 9014 of the Federal Rules of Bankruptcy Procedure. Pursuant to Rule 9014(b) of the Federal Rules of Bankruptcy Procedure, entitled **Service** (emphasis found in original),

> [t]he motion **shall be** served in the manner provided for service of a summons and complaint by Rule 7004 and within the time determined under Rule 9006(d).

Emphasis added.

Therefore, service of the Amended Motion had to comply with Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, entitled **Process; Service of Summons, Complaint** (emphasis found in original), which provides that service may be accomplished by personal service or "by first-class mail, postage prepaid, within the United States,"

> (3) a domestic or foreign corporation, or a partnership or other unincorporated association--by mailing the copy:

(A) to an officer, a managing or general agent, or an agent authorized by appointment or by law to receive service; and

(B) also to the defendant if a statute authorizes an agent to receive service and the statute so requires;

Pursuant to the Federal Rules of Bankruptcy Procedure, Athene was required to accomplish service of the Amended Motion on DH Construction and the UST pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure. However, the Certificate of Service (ECF 131), does not contain a mailing address for service on DH Construction and the UST. DH Construction was not served with the Amended Motion and the Amended Supporting Documents. It appears that service on DH Construction and the UST was not made under Rule 7004 of the Federal Rules of Bankruptcy Procedure, but under Rule 5 of the Federal Rules of Civil Procedure and Rule 7005 of the Federal Rules of Bankruptcy Procedure, such service is not permitted in connection with the initiating pleadings for a contested matter.

The service of documents through electronic mail is allowed under Rule 9036 of the Federal Rules of Bankruptcy Procedure. However, Rule 9036(e) of the Federal Rules of Bankruptcy Procedure, entitled "**Inapplicability**" (emphasis found in original), specifically provides that, "[t]his rule does not apply to any paper required to be served in accordance with Rule 7004."

The Amended Motion relates to the Property and as such, the relief sought through the Amended Motion directly impacts DH Construction's legal rights. Due process and the Federal Rules of Bankruptcy Procedure required that DH Construction be properly served with the Amended Motion and the Amended Supporting Documents. However, service on DH Construction and the UST was defective.

Due Athene's failure to serve the Amended Motion and the Amended Supporting Documents in compliance with the Rule 7004 of the Federal Rules of Bankruptcy Procedure, DH Construction respectfully requests that the Amended Motion be denied for lack of proper service.

## ATHENE IS ADEQUATELY PROTECTED

Within the Amended Motion, Athene argues that there is not a sufficient equity cushion in the Property and as such it is not adequately protected. *See Amended Motion (ECF 126)*. Lack of adequate protection is the sole basis for the Amended Motion.

Within the Amended Motion, Athene notes that the value of the Property is $425,000 and the total outstanding debt owed to Athene, as of October 15, 2024, is $341,968.09. *See Amended Motion (ECF 126), Pg. 3, ln. 18-19.* Based on the values provided by Athene, there is 19.54% equity cushion in the Property[1], as follows:

| | |
|---|---|
| Value of Property | $425,000 |
| Debt Owed to Athene | $341,968.09 |
| Equity (Difference of Value of Property and Debt Owed to Athene) | $83,031.91 |
| Equity Percentage ((Equity/Value of Property)*100) | 19.54% |

Athene cites *Pistole, et al. v. Mellor, et al. (In re Mellor)*, 734 F.2d 1396 (9th Cir. 1984), for its proposition that it is not adequately protected. In *Mellor*, the Ninth Circuit noted that, "equity cushion as a method of adequate protection is not specifically mentioned in § 361, it is the classic form of protection for a secured debt justifying the restraint of lien enforcement by a bankruptcy court." *Id.* at 1400 (citing *In re Curtis*, 9 B.R. 110, 112 (Bankr. E.D. Pa. 1981)). In *Mellor*, the Ninth Circuit further noted that equity cushions of 10% or between 15%-20% are sufficient to provide adequate protection. *See Id. at 1401 (citing In re McGown,* 6. B.R. 241, 243 (Bankr. E.D. Pa. 1980) and *In re Rogers Development Corp.*, 2 B.R. 679, 685 (Bankr. E.D. Virg. 1980)).

In this case, as set forth above, there is an equity cushion of almost twenty percent (20%). As such, Athene's argument that there is not enough equity cushion for adequate protection fails. Accordingly, DH Construction respectfully requests that the Amended Motion be denied.

///
///
///
///
///
///

---

[1] Not twelve and one-half percent (12.5%) as noted in the Amended Motion (*see Amended Motion (ECF 126)*, Pg. 3, ln. 20) or eleven percent (11%) as noted within the Declaration (*see Declaration (ECF 129)*, Pg. 3, ¶14(ln. 25)).

## CONCLUSION

**WHEREFORE**, DH Construction respectfully requests that the Court deny the Amended Motion for defective service. Without waiving this argument, DH Construction also respectfully requests that the Amended Motion be denied because there is enough equity cushion in the Property for there to provide adequate protection to Athene.

Dated: January 7, 2025

Respectfully submitted,

**PINO & ASSOCIATES**

By: _____
Estela O. Pino, Attorneys for
Dinwiddie-Hines Construction, Inc.,
dba DH Construction.